Per Curiam.

The appellants, widow and daughter, assign as error the exclusion of evidence offered by them “concerning the nature, extent and value of the ordinary services rendered during administration of the estate by the attorneys for the executors; more specifically, in refusing to admit in evidence (a) opponents’ exhibit 2 and (b) cross-examination of attorneys for the executors as to ordinary services rendered,” and the application. of “a predetermined formula of percentages of inventory values of assets to fix the amount of fees payable from estate assets to attorneys for the executors for ordinary services during administration.”
The decedent, by his will, empowered his executors to employ attorneys “and pay their reasonable compensation and expenses.” Section 10509-193, General *284 Code, relative to the payment of attorney fees for services rendered during the administration of an estate, provides that, “when an attorney has been employed in the administration of the estate, reasonable attorney fees * * * shall be allowed as a part of the expenses of administration.”
It will thus be seen that both the will and the statute authorizing the payment out of the estate of attorney fees for services rendered in the administration of the estate provide for the payment of reasonable fees. Where, as here, a judicial determination is required to fix the amount to be thus paid, the determining factor is the reasonable value of the services. This determination cannot be arrived at in a controverted case solely by the application of a predetermined formula of percentages of inventory values.
Exhibit No. 2 proffered by appellants sets forth the ordinary services rendered by the attorneys for the executors in the administration of the estate, the date on which each item of service was rendered, the identity of the attorney performing that service and the time consumed in rendering it. The cross-examination excluded by the court was for the purpose of eliciting additional information concerning the nature of the ordinary services rendered and the value of those services. The excluded evidence was material and relevant to the determination of the issue before the court, and its exclusion was error, prejudicial to the appellants.
The judgment of the Court of Appeals is reversed and the cause is remanded to the Probate Court for further proceedings according to law.

Judgment reversed.

Weygandt, C. J., Middleton, Taft, Matthias, Hart, Zimmerman and Stewart, JJ., concur.